IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| Plaintiff | § | |
| | § | |
| v. | § | No. 4:19-cv-00596 |
| | § | |
| $46,100.00 in UNITED STATES | § | |
| CURRENCY | § | |
| Defendant | § | |

**<u>VERIFIED COMPLAINT FOR FORFEITURE IN REM</u>**

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

<u>Nature of the Action</u>

1. This is an action to forfeit property to the United States for a violation of 21 U.S.C. § 846 (Conspiracy to Possess with the Intent to Distribute and Distribution of Marijuana).

<u>Defendant In Rem</u>

2. The Defendant Property is:

    a. $46,100.00 in United States currency remitted by Larry Roberts to the clerk of the District Court for the Eastern District of Texas.

U.S. v. $46,100.00 in United States Currency - COMPLAINT
Page 1 of 5

Jurisdiction and Venue

3. The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to 28 U.S.C. § 1355(a).

4. The Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 846, or proceeds traceable to such an exchange.

Facts

7. The facts and circumstances supporting the forfeiture of the above-described property are briefed below and contained in the Affidavit of Michael Henson, which is attached hereto and incorporated herein by reference.

a. Individuals operated a large scale drug trafficking organization (hereinafter, "DTO") which sought to distribute large multi-kilogram loads of cocaine HCL, marijuana, and methamphetamine from Mexico to customers located within the United States, including the Eastern District of Texas.

b. The DTO distributed these multi-kilogram loads of cocaine HCL, marijuana, and methamphetamine to both local customers in Texas and co-conspirators located in other states across the United States. Couriers received, stored and delivered cocaine HCL, methamphetamine, and/or marijuana, and transported the proceeds generated from the sale of those narcotics.

c. Larry Roberts, purchased marijuana from the DTO for the purpose of redistribution, and also served as a source of supply for marijuana to the organization.

Potential Claimants

8. The known potential claimants to the Defendant Property are:

a. Larry Roberts – Law Office of Nicole Knox, PLLC, 3131 McKinney Ave., Suite 800, Dallas, Texas 75204; Larry Roberts 27753-078, FCI Memphis Federal Correctional Institution, P.O. Box 34550, Memphis Tennessee 38184.

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States, and order any other relief that the Court deems appropriate.

Respectfully submitted,

JOSEPH D. BROWN
UNITED STATES ATTORNEY


_____/s/_____
Kevin McClendon
Assistant United States Attorney
State Bar No. 13408620
101 East Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Michael Henson, hereby state that:

1. I am a Task Force Officer with the Drug Enforcement Administration.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States, statements from other law enforcement officers, and my investigation of this case.

I state and verify under penalty of perjury that the foregoing is true and correct.

_____
Michael Henson
Drug Enforcement Administration

Dated: 8/9/19

## AFFIDAVIT IN SUPPORT OF FORFEITURE COMPLAINT

I, Michael Henson, a Task Force Officer with the Drug Enforcement Administration (hereinafter, "DEA"), being duly sworn, state as follows:

### PREFACE

1. This affidavit is in support of the civil forfeiture of the $46,100.00 in United States currency remitted by Larry Roberts to the clerk of the District Court for the Eastern District of Texas (hereinafter, "The Property").

2. It is the belief of your affiant that The Property is subject to forfeiture pursuant to 21 U.S.C. § 881(6) because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 846 or all proceeds traceable to such an exchange.

### INTRODUCTION

3. I am a Task Force Officer (hereinafter, "TFO") employed by the DEA since 2011. During this time, I have been involved in investigations of individuals who derive substantial income from the illegal importation, manufacture, distribution and sale of illegal controlled substances. In addition, I have had experience in the execution of financial search warrants, seizure warrants, narcotic search warrants, and debriefing defendants, participant witnesses, informants, and other persons who have personal knowledge of the amassing, spending, converting, transporting, distributing, laundering and concealing of proceeds of narcotics trafficking.

### INVESTIGATION SUMMARY

4. Based on facts provided by sources and the agents involved in this case, Affiant has knowledge of the following facts:

5. Beginning sometime in the late 2000's, Alejandro Gonzales ("hereinafter, A. Gonzales"), Julio Vela, Artemio Blanco, Juan Pablo Flores, Irau Flores, a/k/a "Chihuahua," Luis Zavala-Garcia, a/k/a "Viejo," Delfino Bazan, and others, operated a large scale drug trafficking organization (hereinafter, "DTO") which sought to distribute large multi-kilogram loads of cocaine HCL, marijuana, and methamphetamine from Mexico to

customers located within the United States, including the Eastern District of Texas.

6. A. Gonzales and his DTO distributed these multi-kilogram loads of cocaine HCL, marijuana, and methamphetamine to both local customers in Texas and co-conspirators located in other states across the United States. The customer base of the DTO consisted of Eric Roberson, Benjamin Leo, a/k/a "Porch," Larry Roberts, Jason Perez, Kenneth Griffin, Xavier Barocio, a/k/a "Javi," Alex Guzman, Hector Troche, Carlos Ortega, Robert Mathis, Sheryl Finch, and others. Often, the purchasers acquired cocaine, methamphetamine, and/or marijuana from the DTO through the assistance of couriers. Those couriers received, stored and delivered cocaine HCL, methamphetamine, and/or marijuana, and transported the proceeds generated from the sale of those narcotics. The customers of the DTO would in turn, redistribute the cocaine HCL, methamphetamine, and marijuana to other customers both inside and outside the State of Texas.

7. When customers were in need of cocaine HCL, methamphetamine, or marijuana, they typically would contact A. Gonzales via cellular telephone. Once an agreed upon price had been reached, the purchasers or their couriers would go to a location where they could meet without drawing attention from law enforcement. Sometimes these locations were in residential areas and at other times rural locations associated with A. Gonzales. A. Gonzales would also distribute cocaine HCL, methamphetamine, and marijuana to customers personally from his residence located in Alvin, Texas.

8. Larry Roberts, purchased marijuana from the DTO for the purpose of redistribution, and also served as a source of supply for marijuana to the organization.

9. During the period of time of Larry Roberts' active involvement in the scheme set out above, he was directly associated with the distribution of at least 400 pounds (181 kilograms) of marijuana.

10. On June 30, 2012, intercepted calls over the cellular phone of A. Gonzales indicated that he would be supplying an Irau Flores, with approximately 200 pounds of marijuana, which Flores would then distribute to Larry Roberts. The drug transaction was to take place in Alvin, Texas.

11. Surveillance was established at this location and observed Irau Flores and Larry Roberts arrive. Intercepted calls also confirmed that they arrived at the location. Larry Roberts resided in Mound Bayou, Mississippi, and traveled through the Eastern District of Texas.

Surveillance observed both vehicles depart the location approximately one hour later.

12. On July 17, 2012, intercepted calls over the cellular phone of Irau Flores indicated that he was going to receive approximately 200 to 400 pounds of marijuana from a Julio Vela. Calls indicated that Flores had a customer arriving from out of state.

13. Surveillance was established at a location in Houston, Texas, known to be used by Vela to distribute narcotics. Vela's vehicle was parked at the location. Irau Flores arrive in his vehicle and Larry Roberts arrived in a van, which was registered to Avis Rental Cars. A subpoena to Avis showed that Larry Roberts rented the van and that he lives in Mound Bayou, Mississippi.

14. On August 17, 2018, Larry Roberts entered a plea agreement with the United States in criminal cause number 1:16-cr-00091-MAC-KFG stipulating to the facts contained in the paragraphs above.

15. Larry Roberts agreed in the plea agreement that The Property is subject to forfeiture to the government because it was proceeds traceable to the illegal activity.

## CONCLUSION

16. Based on the information set out in the preceding paragraphs, I believe that The Property is subject to forfeiture pursuant to 21 U.S.C. § 881(6) because it is moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. § 846, or all proceeds traceable to such an exchange.

Michael Henson
Task Force Officer
DEA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § <br> Plaintiff, § <br> § <br> v. § <br> § <br> $46,100.00 IN UNITED STATES § <br> CURRENCY, § <br> Defendant. § | No. 4:19-cv-00596 |

## ORDER FOR WARRANT OF ARREST IN REM

TO: The Clerk of the Court, United States District Court for the Eastern District of Texas

WHEREAS, on August 9, 2019, the United States of America filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against the defendant property, alleging that the property is subject to seizure and civil forfeiture to the United States for the reasons alleged in the complaint; and

WHEREAS, the Court, having reviewed the Complaint and the Government's Application for Warrant of Arrest in Rem, finds, the defendant property is currently in the possession, custody, or control of the United States; and

WHEREAS, Supplemental Rule G(3)(b)(i) provides that the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control;

YOU ARE, THEREFORE, HEREBY COMMANDED to issue an arrest warrant in rem for the defendant property pursuant to Supplemental Rule G(3)(b)(i); and

YOU ARE FURTHER COMMANDED to deliver the arrest warrant in rem to a

person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the Court for that purpose, pursuant to Supplemental Rule G(3)(c)(i).

    IT IS SO ORDERED,

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | § § § | |
| v. | § § | No. 4:19-cv-00596 |
| $46,100.00 IN UNITED STATES CURRENCY, Defendant. | § § § § | |

## **WARRANT OF ARREST IN REM**

TO:   The United States Marshals Service for the Eastern District of Texas and/or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court.

On August 9, 2019, the United States filed a verified complaint for civil forfeiture in the United States District Court for the Eastern District of Texas against $46,100.00 in United States currency (defendant property) alleging that the property is subject to seizure and forfeiture to the United States for the reasons alleged in the complaint.

The defendant property is currently in the possession, custody, or control of the United States.

In these circumstances, Supplemental Rule G(3)(b)(i) directs the Clerk of the Court to issue an arrest warrant in rem for the defendant property.

Supplemental Rule G(3)(c)(i) provides that the warrant of arrest in rem must be delivered to a person or organization authorized to execute it who may be a marshal or any other United States officer or employee, someone under contract with the United States, or someone specially appointed by the court for that purpose.

**Warrant of Arrest in Rem – Page 1 of 2**

YOU ARE COMMANDED to do the following:

1. To arrest the defendant property as soon as practicable by serving a copy of this warrant on the custodian in whose possession, custody or control the property is presently found, and to use whatever means may be appropriate to protect and maintain it in your custody until further order of this Court.

2. Promptly after execution of this process, to file the same in this Court with your return thereon, identifying the individual(s) upon whom copies were served and the manner employed.

Dated:

                DAVID O'TOOLE
                Clerk of the Court
                United States District Court for the
                Eastern District of Texas


                By: _____
                        Deputy Clerk

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$46,100.00 in U.S. currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Collin**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kevin McClendon, USAO, 101 E. Park Blvd., Suite 500
Plano, Texas 75074 (972) 509-1201

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
This is an in rem civil forfeiture proceeding pursuant to 21 USC 881
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 08/09/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Kevin McClendon

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____